IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL DELILLY,

    Plaintiff,

    v.

CLIFTON T. PERKINS,

    Defendant.

Civil Action No.:  DKC-22-2895

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Michael Delilly is currently committed to the Maryland Department of Health at Clifton T. Perkins Hospital Center ("CTPH").  He filed a § 1983 civil rights complaint with the court.  ECF No. 1.  On November 14, 2022, this court found that Mr. Delilly had failed to state a claim or to name proper defendants, and thus afforded him an opportunity to amend his complaint.  ECF No. 2.  He was forewarned that any amended complaint he may file would replace the original complaint, and would serve as the operative pleading in this matter.  *Id.*  Mr. Delilly filed his amended complaint along with a motion to proceed *in forma pauperis* on November 28, 2022.  ECF No. 4, 5.  Given the information presented in his motion, Mr. Delilly appears to be indigent, so his motion (ECF No. 5) will be granted.

The court is obligated by 28 U.S.C. § 1915A to screen prisoner complaints and must dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).  In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White*

1

*v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).  Even after affording the pleadings a liberal construction, Mr. Delilly's amended complaint must be dismissed for failure to name proper defendants.

In his amended complaint, Mr. Delilly names only CTPH as a defendant.  ECF No. 4. Essential to sustaining an action under § 1983 are the presence of two elements.  Specifically,  Mr. Delilly must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).  Because defendant Clifton T. Perkins Hospital Center is not a "person" subject to suit or liability under § 1983, all claims against it must be dismissed.

Although  Mr.  Delilly  was  forewarned  that  his  amended  complaint  would  replace  the original, this court is cognizant that Mr. Delilly proceeds pro se, and thus will afford his pleadings a liberal construction.  However, even in so doing, Mr. Delilly's claims fail because he has not named a proper defendant.

In his original complaint, Mr. Delilly named CTPH Director Mariam Fogem as a defendant.  However, neither his complaint, nor his amended complaint, provide any details about how Ms.  Fogem was involved in the conduct he alleges.  Liability under § 1983 attaches only upon  personal  participation  by  a  defendant  in  a  constitutional  violation.   Further,  it  is  well established that the doctrine of respondeat superior does not apply in § 1983 claims.  *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather  is  premised  on  'a  recognition  that  supervisory  indifference  or  tacit  authorization  of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on

those committed to their care.'"  *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).  Supervisory liability under § 1983 must be supported with evidence that:  (1) the supervisor had actual or constructive knowledge that their subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).  Mr. Delilly has not provided any allegations that Ms. Fogem was personally involved in the incidents that took place, nor has he alleged facts indicating supervisory liability.  Accordingly, the amended complaint cannot proceed against Ms. Fogem.

Finally, in his original complaint, Mr. Delilly named "Department of Corrections Correctional Officers" and "John/Jane Doe Officers" as defendants.  ECF No. 1 at 2, 3.  This court directed Mr. Delilly to amend, and noted that he "should be mindful to name defendants that were personally involved in the constitutional violations he alleges," and if he were unable to identify them by name, "he should provide sufficient detail (such as physical descriptions, shifts worked, specific dates, etc.) such that the defendants might be identified."  ECF No. 3 at 3.  In his amended complaint, while he does provide some dates and times regarding the conduct he alleges, he makes no effort to identify any defendants.  He simply states "[a]ll staff brags about putting things inside of me while I am asleep. To name all of them would be impossible."  ECF No. 4 at 3.  In the absence of any additional information, no defendants can be identified.  Without any properly named defendants, the case must be dismissed, albeit without prejudice.

Accordingly, it is this 7th day of December, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.      Mr. Delilly's motion to proceed *in forma pauperis* (ECF No. 5) is GRANTED;

2.      Mr. Delilly's amended complaint is DISMISSED without prejudice; and

3.      The Clerk IS DIRECTED to CLOSE this case and mail a copy of this Order to Mr. Delilly.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge